**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS**

**ZANE DREZDEN TILCOCK,**

    **Plaintiff,**

    v.                                 **CASE NO. 22-3226-JWL-JPO**

**JAREMY STONE, et al.,**

    **Defendants.**

**MEMORANDUM AND ORDER
TO SHOW CAUSE**

Plaintiff Zane D. Tilcock brings this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff proceeds *in forma pauperis*. Mr. Tilcock is a pretrial detainee being held at the Reno County Correctional Facility ("RCCF") in Hutchinson, Kansas. For the reasons discussed below, Plaintiff is ordered to show cause why his Complaint should not be dismissed.

**I. Nature of the Matter before the Court**

Plaintiff alleges in the Complaint (Doc. 3) that he has been deprived of access to a law library while at the RCCF. He states that he wants to assist his "very much overworked" Public Defender. Doc. 3, at 5.

Plaintiff names the following defendants: Jaremy Stone, Jail Sergeant, Reno County Sheriff's Office; FNU McClay, Jail Captain; and the Reno County Sheriff's Department. Plaintiff seeks the ability to access a law library and compensatory damages in the amount of $500,000 for mental distress.

**II. Statutory Screening of Prisoner Complaints**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or an employee of a governmental entity. 28 U.S.C. § 1915A(a).

The Court must dismiss a complaint or portion thereof if a plaintiff has raised claims that are legally frivolous or malicious, that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1)–(2).

"To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins,* 487 U.S. 42, 48 (1988) (citations omitted); *Northington v. Jackson*, 973 F.2d 1518, 1523 (10th Cir. 1992). A court liberally construes a pro se complaint and applies "less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). In addition, the court accepts all well-pleaded allegations in the complaint as true. *Anderson v. Blake*, 469 F.3d 910, 913 (10th Cir. 2006). On the other hand, "when the allegations in a complaint, however true, could not raise a claim of entitlement to relief," dismissal is appropriate. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 558 (2007).

A pro se litigant's "conclusory allegations without supporting factual averments are insufficient to state a claim upon which relief can be based." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555 (citations omitted). The complaint's "factual allegations must be enough to raise a right to relief above the speculative level" and "to state a claim to relief that is plausible on its face." *Id.* at 555, 570.

The Tenth Circuit Court of Appeals has explained "that, to state a claim in federal court, a complaint must explain what each defendant did to [the *pro se* plaintiff]; when the defendant did

2

it; how the defendant's action harmed [the plaintiff]; and, what specific legal right the plaintiff believes the defendant violated." *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007). The court "will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf." *Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997) (citation omitted).

The Tenth Circuit has pointed out that the Supreme Court's decisions in *Twombly* and *Erickson* gave rise to a new standard of review for § 1915(e)(2)(B)(ii) dismissals. *See Kay v. Bemis*, 500 F.3d 1214, 1218 (10th Cir. 2007) (citations omitted); *see also Smith v. United States*, 561 F.3d 1090, 1098 (10th Cir. 2009). As a result, courts "look to the specific allegations in the complaint to determine whether they plausibly support a legal claim for relief." *Kay*, 500 F.3d at 1218 (citation omitted). Under this new standard, "a plaintiff must 'nudge his claims across the line from conceivable to plausible.'" *Smith*, 561 F.3d at 1098 (citation omitted). "Plausible" in this context does not mean "likely to be true," but rather refers "to the scope of the allegations in a complaint: if they are so general that they encompass a wide swath of conduct, much of it innocent," then the plaintiff has not "nudged [his] claims across the line from conceivable to plausible." *Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir. 2008) (citing *Twombly*, 127 S. Ct. at 1974).

### III. DISCUSSION

After reviewing Plaintiff's Complaint, the Court finds that the Complaint is subject to dismissal for the following reasons.

#### A. Failure to State a Claim for Denial of Access to the Courts

It is well established that a prison inmate has a constitutional right of access to the courts. To state a denial of access claim due to lack of legal resources, the inmate must allege something

3

more than that the jail's law library or legal assistance program is inadequate. He must "go one step further and demonstrate that the alleged shortcomings in the library or legal assistance program hindered his efforts to pursue a legal claim," causing him "actual injury." *Lewis v. Casey*, 518 U.S. 343, 348, 350 (1996). "[T]o present a viable claim for denial of access, the inmate must allege and prove prejudice arising from Defendants' actions." *Peterson v. Shanks,* 149 F.3d 1140, 1145 (10th Cir. 1998) (citations omitted); *Lewis*, 518 U.S. at 349 ("The requirement that an inmate . . . show actual injury derives ultimately from the doctrine of standing.").

In order to satisfy the actual injury requirement, the plaintiff must show that, by denying him access to the law library, jail officials frustrated or impeded his ability to file or litigate a non-frivolous action. *Lewis,* 518 U.S. at 351, 354–55; *see Faircloth v. Schwartz*, 2014 WL 446663 (D. Colo. Sept. 10, 2014); *Peterson*, 149 F.3d at 1145. He may allege actual prejudice to contemplated or existing litigation, such as the inability to meet a filing deadline or to present a claim, or that a nonfrivolous legal claim has been dismissed, frustrated, or impeded. *Lewis,* 518 U.S. at 350, 353.

The Supreme Court plainly held in *Lewis* that "the injury requirement is not satisfied by just any type of frustrated legal claim." *Id.* at 354. Rather, the injury occurs only when prisoners are prevented from attacking "their sentences, directly or collaterally" or challenging "the conditions of their confinement." *Id.* at 355; *see also Carper v. Deland*, 54 F.3d 613, 617 (10th Cir. 1995) ("[A]n inmate's right of access does not require the state to supply legal assistance beyond the preparation of initial pleadings in a civil rights action regarding current confinement or a petition for a writ of habeas corpus."). "Impairment of any other litigating capacity is simply one of the incidental (and perfectly constitutional) consequences of conviction and incarceration." *Lewis,* 518 U.S. at 356. Nor does an inmate's inability to effectively litigate once in court fulfill the requirement of actual injury. *Id.* at 354.

Moreover, providing law library facilities to inmates is merely "one constitutionally acceptable method to assure meaningful access to the courts." *Id*. at 351 (*citing Bounds v. Smith*, 430 U.S. 817, 830 (1977)).  It follows that an inmate represented by counsel is not entitled to a law library.  An inmate's right of access to the court is adequately protected where the inmate is represented by counsel, even if the inmate is not allowed access to legal materials to personally conduct legal research.  *Smith v. Harvey County Jail*, 889 F. Supp. 426, 431–32 (D. Kan. 1995) (citing *Skelton v. Pri–Cor., Inc.,* 963 F.2d 100, 104 (6th Cir. 1991), *cert. denied,* 503 U.S. 989 (1992); *United States v. Wilson,* 690 F.2d 1267, 1271–72 (9th Cir.1982), *cert. denied,* 464 U.S. 867 (1983); *Lloyd v. Corrections Corp. of America,* 855 F. Supp. 221, 223 (W.D. Tenn. 1994); *Pippins v. Adams County Jail,* 851 F. Supp. 1228, 1234 (C.D. Ill. 1994)).

Plaintiff's claim of denial of access to the courts is subject to dismissal because he is represented by counsel, removing any need for Defendants to allow him access to legal materials to prepare a defense.  Plaintiff also fails to satisfy the standing requirement of "actual injury" by showing that the alleged interference with court access hindered his efforts to pursue a non-frivolous legal claim.  *Lewis*, 518 U.S. at 351–352; *Penrod v. Zavaras*, 94 F.3d 1399, 1403 (10th Cir. 1996).

**B. Claim for Damages Barred**

Section 1997e(e) . . . provides in pertinent part:

> No Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury.

42 U.S.C. § 1997e(e).  Section 1997e(e) applies regardless of the nature of the underlying substantive violation asserted.  *Searles v. Van Bebber*, 251 F.3d 869, 876 (10th Cir. 2001), *cert.*

*denied*, 536 U.S. 904 (2002) (applying §1997e(e) to the plaintiff's First Amendment claim for free exercise of religion).

Plaintiff's request for compensatory damages is subject to dismissal as barred by 42 U.S.C. § 1997e(e). Plaintiff has not described any physical injury that was caused by the alleged deprivation of his constitutional rights.

**IV. Response Required**

For the reasons stated herein, Plaintiff's Complaint is subject to dismissal under 28 U.S.C. §§ 1915A(b) and 1915(e)(2)(B). Plaintiff is therefore required to show good cause why his Complaint should not be dismissed. Plaintiff is warned that his failure to file a timely response may result in the Complaint being dismissed for the reasons stated herein without further notice.

**IT IS THEREFORE ORDERED THAT** Plaintiff is granted until **November 28, 2022,** in which to show good cause, in writing, why Plaintiff's Complaint should not be dismissed for the reasons stated herein.

**IT IS SO ORDERED**.

**DATED: This 28th day of October, 2022, at Kansas City, Kansas.**

**S/ James P. O'Hara______**
**JAMES P. O'HARA**
**UNITED STATES MAGISTRATE JUDGE**