## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

**ZANE DREZDEN TILCOCK,**

    **Plaintiff,**

    **v.**                                                   **CASE NO.  22-3226-JWL-JPO**

**JAREMY STONE, et al.,**

    **Defendants.**

## MEMORANDUM AND ORDER

This matter is a civil rights action filed under 42 U.S.C. § 1983.  The Court conducted an initial review of the case and directed Plaintiff to show cause why his Complaint should not be dismissed for failure to state a claim upon which relief may be granted.  (Memorandum and Order to Show Cause, Doc. 6) ("MOSC").  Before the Court is Plaintiff's Response to the MOSC (Doc. 7).

In the Complaint, Plaintiff alleges that he has been deprived of access to a law library while at the Reno County Correctional Facility in Hutchinson, Kansas.  He states that he wants to assist his "very much overworked" Public Defender.  (Doc. 3, at 5).  Plaintiff names the following defendants: Jaremy Stone, Jail Sergeant, Reno County Sheriff's Office; FNU McClay, Jail Captain; and the Reno County Sheriff's Department.  Plaintiff seeks the ability to access a law library and compensatory damages in the amount of $500,000 for mental distress.

The MOSC found that Plaintiff failed to state a constitutional claim for denial of access to the courts because he is represented by appointed defense counsel and because he did not demonstrate an actual injury resulting from the denial of access.  *See Smith v. Harvey County Jail*, 889 F. Supp. 426, 431–32 (D. Kan. 1995) (citing *Skelton v. Pri–Cor., Inc.,* 963 F.2d 100, 104 (6th

Cir. 1991), *cert. denied,* 503 U.S. 989 (1992); *United States v. Wilson,* 690 F.2d 1267, 1271–72 (9th Cir.1982), *cert. denied,* 464 U.S. 867 (1983); *Lloyd v. Corrections Corp. of America,* 855 F. Supp. 221, 223 (W.D. Tenn. 1994); *Pippins v. Adams County Jail,* 851 F. Supp. 1228, 1234 (C.D. Ill. 1994)); and *Lewis v. Casey*, 518 U.S. 343, 348, 350 (1996).  In addition, the MOSC found that Plaintiff's claim for compensatory damages is barred under 42 U.S.C. § 1997e(e) because he has not demonstrated a physical injury.  42 U.S.C. § 1997e(e).

In response to the MOSC, Plaintiff does not directly address the reasons the Court found that his Complaint is subject to dismissal.  He quotes the Fifth Amendment and argues that he has very limited resources for obtaining legal advice and limited legal experience.  He does not assert that he is unrepresented in his criminal proceedings, that he has suffered an actual injury as a result of lack of library access, or that he has received any physical injury caused by the alleged deprivation of his constitutional rights.

Plaintiff has failed to show good cause why his Complaint should not be dismissed for the reasons discussed above and in the MOSC.

Section 1915(g) of the Prison Litigation Reform Act (PLRA) provides:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court that is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).

The Court finds that dismissal of this matter counts as Plaintiff's first strike under the PLRA.  Thus, if Plaintiff accumulates two more strikes, he will be unable to proceed in forma pauperis in future civil actions before federal courts unless he is under imminent danger of serious physical injury.

**IT IS THEREFORE ORDERED** that Plaintiff's Complaint is **dismissed** for failure to state a claim upon which relief may be granted.

**IT IS SO ORDERED**.

**DATED:  This 29ᵗʰ day of December, 2022, at Kansas City, Kansas.**

S/  John W. Lungstrum
**JOHN W. LUNGSTRUM**
**UNITED STATES DISTRICT JUDGE**